TILÉN, PLAINTIFF AND APPELLEE, *v.* MENA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, on Motion for a New Trial in an Action of Unlawful Detainer.

No. 1493.—Decided February 19, 1917.

UNLAWFUL DETAINER—APPEAL—NEW TRIAL.—According to section 10 of the Act of March 9, 1905, in actions of unlawful detainer the jurisdiction of the Supreme Court is limited exclusively to one appeal "from the judgment," and no appeal lies from an order entered on a motion for a new trial; for

it was not the intention of the Legislature to allow two appeals in the same case, although the right to a new trial in actions of unlawful detainer is doubtful under the provisions of the Code of Civil Procedure.

CONSTRUCTION OF LAW—REPEAL.—It is a well-known rule of interpretation in this court that a special statute does not repeal a general one unless such intention clearly appears or the two statutes are irreconcilable.

The facts are stated in the opinion.

*Mr. S. Abella Bastón* for the appellant.

*Mr. E. H. F. Dottin* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

We regret that the appeal in this case must be dismissed. The principal question, namely, whether the deed from the appellant to María del Rivero was of such a nature that the person who bought of her could obtain a consummated title and bring a suit for unlawful detainer, was important. We incline to the view that the suit could thrive, and we indicate it to save the applicant from further expense, although our conclusion is not a definite one. The appeal must be dismissed, not because the court below necessarily had no right in an unlawful detainer proceeding to entertain a motion for a new trial, but because the Legislature has limited the jurisdiction of this court in such a proceeding to an appeal from the judgment. We shall not decide the question of whether a tenant in the District Court has a right to move for a new trial. If he has such a right and exercises it without appealing from the judgment, as in this case, the right of appeal is gone.

The pertinent sections of the Unlawful Detainer Act are as follows (Session Laws of 1905, p. 185):

"Section 10.—In actions of unlawful detainer not more than one appeal shall be allowed in any case, and shall be taken as follows: To the district court from the judgments rendered by the municipal courts; and to the Supreme Court from the judgments rendered in the first instance by the district court.

"Section 11.—Appeals should be taken within a period of five days after the date of the judgment."

Now, while it is possible to urge that the Legislature had only in mind that no double appeals should be allowed in the same case, we think it was the intention of the Legislature to permit an appeal from the judgment alone. Such a conclusion follows from the spirit of the act and the nature of an unlawful detainer proceeding. The primary idea of such an action is speed. It decides the right of parties to the immediate possession and does not conclude them with regard to title. If a party might present a motion for a new trial and finally appeal from the order rendered on that motion, the ultimate decision is postponed. The particular wording of the act as to what must be done after judgment, namely, the unusually limited time for appeals, the deposit, the duties of promptness imposed upon court officials, and the precedence to be given to appeals, all show that the Legislature had in mind the judgment as the basis for appeal and not the order for new trial, supposing always that the court may entertain such a motion, as it did in this case. With these general considerations in view, it is evident that when the Legislature said in section 10 that only one appeal should be allowed in a case and "from the judgment," it excluded the possibility of an appeal from the order on a motion for a new trial. This, we understand, was the practice under the law before the enactment of the Code of Civil Procedure; and it is a familiar tenet of interpretation of this court that a special law is not repealed by a general law unless the intention clearly appear or the two laws are irreconcilable. However, being in some doubt as to whether the Code of Civil Procedure had not repealed the old Code of Civil Procedure and with it the unlawful detainer proceeding, the Legislature, on March 9, 1905, enacted another law of unlawful detainer, in substance a copy of the former law. That law on its face purports to govern appeals and makes no provision for any appeal except from the judgment. It follows, then, that even if a right to a new trial in unlawful detainer pro-

ceedings may be doubtfully deduced from the provisions of the Code of Civil Procedure, an appeal was excluded.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.